IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RICKY LEE STEWART, III,

    Petitioner,

v.   No. 1:20-cv-01234-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER LIFTING STAY
AND
DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS

On October 15, 2020, the Sixth Circuit Court of Appeals granted the application of Petitioner, Ricky Lee Stewart, III, for permission to file a second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255(a), (h).  (Docket Entry ("D.E.") 1.) The appellate court authorized Stewart to proceed on his claim that his conviction for attempted Hobbs Act robbery under 18 U.S.C. § 1951 "no longer qualifies as a 'crime of violence' for purposes of his firearm offenses that are predicated on 18 U.S.C. § 924(c)," after the decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1]  (*Id.* at PageID 2.)  On July 2, 2021, the United States Supreme Court granted certiorari on the question of whether attempted Hobbs Act robbery is a crime of violence after *Davis*.  *See United States v. Taylor*, 141 S. Ct. 2882 (2021).  This Court stayed the instant proceedings pending the Supreme Court's decision in *Taylor*.  (D.E. 20.)  The Supreme Court issued its ruling on June 21, 2022, holding that attempted Hobbs Act robbery is not a crime of violence for purposes of § 924(c).  *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022).  The stay is hereby LIFTED.

---

[1] Petitioner is represented in the present matter by appointed counsel.  (*See* D.E. 14-15.)

On May 3, 2022, while the Supreme Court's decision in *Taylor* was still pending, the Sixth Circuit addressed in a published opinion the enforceability of collateral-challenge waivers after changes in law relating to § 924(c). *See Portis v. United States*, 33 F.4th 331 (6th Cir. 2022). The parties herein briefed the issue of whether Stewart's collateral-challenge waiver bars his § 2255 claim, but they did so prior to *Portis*.[2] The parties are therefore ORDERED to file supplemental briefs, limited to four pages in length, concerning the applicability of *Portis* to Petitioner's circumstances. The Government's brief is due no later than September 15, 2022, and Petitioner must file his brief by October 14, 2022.

IT IS SO ORDERED this 15th day of July 2022.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] In its response to the Petition, filed February 1, 2021, the Government aptly noted that, as of that date, Sixth Circuit case law regarding the enforceability of collateral-challenge waivers after changes in law was "not straightforward." (D.E. 18 at PageID 69.)